UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

Jennifer McCune,

    Plaintiff,

-vs.-

Equifax Information Services, LLC,
Capital One, N.A., and
Synchrony Bank/T.J. Maxx Companies DC,

    Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, JENNIFER MCCUNE, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY A. HANSZ**, and for her Complaint against the Defendants, pleads as follows

**JURISDICTION**

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq*. [hereinafter "FCRA"]).

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Grandville, Kent County, Michigan.

4. Venue is proper in the Western District of Michigan.

## PARTIES

5. Plaintiff is a natural person residing in Grandville, Kent County, Michigan.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of Michigan; and

   b. Capital One Bank N.A. ("Cap One") is a foreign corporation that conducts business in the State of Michigan.

   c. Synchrony Bank/TJ Maxx Companies DC ("SYNCB") is a foreign corporation that conducts business in Michigan.

## GENERAL ALLEGATIONS

7. Cap One and SYNCB are inaccurately reporting their tradelines on Plaintiff's Equifax credit file ("Errant Tradelines").

8. Cap One's tradeline is inaccurately reporting a scheduled monthly payment amount of $152.00 on Plaintiff's Equifax credit file.

9. SYNCB's tradeline opened 2010 is reporting a scheduled monthly payment amount of 89.00 on Plaintiff's Equifax credit file.

10. The account reflected by the Errant Tradelines were closed by Cap One and SYNCB and Plaintiff no longer has any scheduled monthly payment obligations to Cap One and SYNCB.

11. The Errant Tradelines should be reported with a scheduled monthly payment amount of $0.00. The current reporting is false and misleading.

12. In addition, per the credit reporting industry standards and the Credit Reporting Resource Guide, which is the credit reporting manual created by the Consumer Data Industry Association, furnishers are required to report a scheduled monthly payment amount of $0.00 for a closed account.

13. On or about October 3, 2023, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradelines reporting with an erroneous scheduled monthly payment amount.

14. On or about October 13, 2023, Plaintiff through her attorneys Credit Repair Lawyers of America, submitted a letter to Equifax disputing the Errant Tradelines.

15. In her dispute letter, Plaintiff explained that the Cap One and SYNCB accounts are closed and therefore Plaintiff owes no scheduled monthly payment

amount to Cap One and SYNCB. Plaintiff asked for the scheduled monthly payment amounts to be removed and replaced with $0.00.

16. Equifax received Plaintiff's dispute letter on November 2, 2023.

17. Equifax forwarded Plaintiff's dispute to Cap One and SYNCB.

18. Cap One and SYNCB received Plaintiff's dispute from Equifax.

19. On or about December 15, 2023, Plaintiff obtained her Equifax credit disclosure, which showed the Errant Tradelines were last reported on November 2023, and that Equifax, Cap One and SYNCB failed or refused to report the Errant Tradelines with a scheduled monthly payment amount of $0.00.

20. The Errant Tradelines are false and misleading to any user of Plaintiff's credit report who would consider extending credit to Plaintiff. The Errant Tradelines create a false impression to potential credit grantors that Plaintiff continues to have a scheduled monthly payment obligation for a debt when there is no such monthly obligation.

21. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has experienced undue anxiety, stress, depression, frustration, and other forms of emotional distress to Defendants' failures to correct the errors in her credit file and her inability to improve her financial situation by obtaining new or more favorable credit terms as

a result of Defendants' violations of the FCRA. Plaintiff has also suffered physical harms, including loss of sleep, restlessness, stomach issues, and fighting with spouse as a result of Defendants' failure to correct the Errant Tradelines.

### COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE N.A.

22. Plaintiff realleges Paragraphs One through Twenty-One as if recited verbatim.

23. After being informed by Equifax of Plaintiff's dispute of the inaccurate scheduled monthly payment amount, Cap One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

24. Cap One negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Equifax to remove the inaccurate scheduled monthly payment amount.

25. The Cap One tradeline is inaccurate and creates a misleading impression in Plaintiff's consumer credit files with Equifax, to which it is reporting such tradeline.

26. As a direct and proximate cause of Cap One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration,

and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep, restlessness, and fighting with spouse.

27. Cap One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

28. Plaintiff has a private right of action to assert claims against Cap One arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants her a judgment against Cap Onen for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE N.A.

29. Plaintiff re-alleges the above Paragraphs One through Twenty-One by reference as if recited verbatim.

30. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Cap One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct Equifax to remove the erroneous scheduled monthly payment amount.

31. Cap One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

32. As a direct and proximate cause of Cap One's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration, and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep, restlessness, and fighting with spouse.

33. Cap One is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants her a judgment against Cap One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK

34. Plaintiff realleges Paragraphs One through Twenty-One as if recited verbatim.

35. After being informed by Equifax of Plaintiff's dispute of the inaccurate scheduled monthly payment amount, SYNCB negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

36. SYNCB negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Equifax to remove the inaccurate scheduled monthly payment amount.

37. The SYNCB tradeline is inaccurate and creates a misleading impression in Plaintiff's consumer credit files with Equifax, to which it is reporting such tradeline.

38. As a direct and proximate cause of SYNCB's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration, and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep, restlessness, and fighting with spouse.

39. SYNCB is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

40. Plaintiff has a private right of action to assert claims against SYNCB arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants her a judgment against SYNCB for damages, costs, interest, and attorneys' fees.

### COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK

41. Plaintiff re-alleges the above Paragraphs One through Twenty-One by reference as if recited verbatim.

42. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, SYNCB willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct Equifax to remove the erroneous scheduled monthly payment amount.

43. SYNCB willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

44. As a direct and proximate cause of SYNCB's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration, and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep, restlessness, and fighting with spouse.

45. SYNCB is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants her a judgment against SYNCB for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V- NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

46. Plaintiff re-alleges the above Paragraphs One through Twenty- One by reference as if recited verbatim.

47. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

48. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

49. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

50. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

51. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration, and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep, restlessness, and fighting with spouse.

52. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT VI - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

53. Plaintiff realleges the above Paragraphs One through Twenty-One as if recited verbatim.

54. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

55. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

56. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

57. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

58. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration, and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep, restlessness, and fighting with spouse.

59. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Dated: December 26, 2023

Respectfully submitted,

/s/ Gary Hansz
Gary Hansz (P44956)
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: gary.hansz@crlam.com
Attorney for Plaintiff